ZENNIE MARTIN v. THE STATE.

No. 7928. Decided March 5, 1924.

**1.—Murder—Continuance—Want of Diligence.**

Where the application for continuance was properly overruled for the want of diligence there is no reversible error.

**2.—Same—Evidence—Threats by Defendant.**

The complaint directed at the threats made against Beavers and others might be disposed of upon the ground that the same were part and parcel of the conduct of the accused showing general malevolence, malice and a heart regardless of social duty, and fatally bent upon mischief; besides, it was shown that malice grew out of the relations of the parties for the affections of a certain female and there was no error in admitting the testimony as to threats.

**3.—Same—Threats—Other Party Killed.**

The objection on the part of the appellant to the testimony of the threats against Beavers and others, based on the idea that same were inadmissible because they were not directed at deceased, and did not embrace him in any manner, but the conviction rested upon the proposition that if defendant intended to kill Beavers and by misdirection of the shots killed the deceased Hays he would be guilty of the same offense, there is no reversible error.

Appeal from the District Court of Bell. Tried below before the Honorable Lewis H. Jones.

Appeal from a conviction of murder; penalty, forty years imprisonment in the penitentiary.

The opinion states the case.

*C. C. Countess* and *P. H. Dougherty*, for appellant.—On question of threats: Holley v. State, 39 Texas Crim. Rep., 307; Brown v. State, 56 id., 391; Maclin v. State, 144 S. W. Rep., 959.

*Tom Garrard* and *Grover C. Morris*, Assistants Attorney General, and *Few Brewster*, District Attorney, for the State.—On question of threats and malice: Richards v. State, 30 S. W. Rep., 805; Hilds v. State, 163 id., 717.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Bell County of murder, and his punishment fixed at forty years in the penitentiary.

The brief on behalf of appellant urges only two errors, first, the refusal of a continuance, and, second, the admission of testimony of threats made by appellant.

The application for continuance was properly overruled. No process was applied for or issued for the absent witness. This was not diligence. There is a strong suggestion in the record that said witness had left the country and could not be found.

Two witnesses testified for the State that on the night of the killing and prior thereto appellant made repeated threats directed toward Joe Beavers, Frank Heard and Randell Davis. The record is replete with threats of all kinds made by appellant on the night of the homicide not only toward the parties named but toward others. He threatened to cut the head off of a woman and to kill her and to set fire to her house in which there were several persons, and kill them all. The complaint directed at the threats made against Beavers, et al. might be disposed of upon the ground that same were part and parcel of the conduct of the accused showing general malevolence, malice and a heart regardless of social duty and fatally bent on mischief, under authorities cited in Sec. 2072, Branch's Ann. P. C. However, we think the matter referable to another rule. Appellant and Joe Beavers were both contenders for the affections of Hester Green. She had lived with appellant, but recently before the homicide seems to have preferred the society of Beavers. On the night of the homicide appellant procured first a butcher knife, which he secreted about his person, and later a shotgun with which armament he succeeded in getting Hester Green, her daughter and the deceased, Rufus Hays, to leave the house of Beavers and return to their domicile. It was while going

from Beavers' house toward the cabin occupied by Hays, et al., that appellant made the threats directed toward Beavers, Davis and Heard. He was walking along with a shotgun in his hands and a butcher knife in his pocket at the time. After reaching the cabin of Hays where appellant, Hester Green, Julia Simpson and deceased sat around for awhile, Beavers appeared, ármed also with a shotgun. Appellant had laid aside his gun but when Beavers appeared appellant again took up his gun and put the shells in it. Deceased demurred to their shooting each other or attempting to do so in his house, averring that it was not a slaughter pen and for them to get out in the yard. While there is some conflict in the evidence as to whether the shooting by appellant after going in the yard was at Beavers or at deceased, it appears to us much the more reasonable theory, and from the charge of the court it is manifest that it was the theory of the learned trial judge, that the shots fired by appellant were fired at Beavers. No enmity of appellant toward the deceased is reflected by the record. Appellant in a confession made by him shortly after the homicide stated in substance that he shot at Beavers. Appellant claimed that Beavers had shot at him first, and the learned trial judge submitted to the jury the law of self-defense based upon this testimony.

The objection on the part of appellant to the testimony of the threats against Beavers, Heard and Davis seem based on the idea that same were inadmissible because they were not directed at deceased and did not embrace him in any manner. That they were directed at Beavers as well as the others, and that the shot which killed Hays was intended for Beavers, appears clear to us from the record. This conviction rests upon the proposition submitted by the court to the jury that if appellant intending to kill Beavers by misdirection of his shots, killed Hays,—he would be guilty of the same offense, if any, which would have followed had the shot accomplished its intended purpose and taken the life of Beavers. In such case threats made by the appellant against Beavers or against Beavers and others would manifestly be admissible in evidence.

There are other matters raised by bills of exception each of which have been examined by us, but in none of which do we detect any error.

The judgment will be affirmed.

*Affirmed.*